

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WUHAN CAI SHI KE JI YOU XIAN GONG SI,

Plaintiff(s),

v.

XIAOLING CHE et al.,

Defendant(s).

CASE NO. 2:26−cv−00852−JNW

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT

## INITIAL SCHEDULING DATES

The Court sets the following deadlines for the parties to make their initial disclosures and to file their Joint Status Report and Discovery Plan:

| EVENT | DATE |
| --- | --- |
| Deadline for Fed. R. Civ. P. 26(f) Conference | May 6, 2026 |
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) | May 20, 2026 |
| Combined Joint Status Report and Discovery Plan as Required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(f) | May 27, 2026 |

Only the Court may extend these deadlines. If more time is needed, please contact Grant Cogswell, Courtroom Deputy, before any deadlines lapse at grant_cogswell@wawd.uscourts.gov. The parties must meet and confer before requesting an extension.

If this case involves claims that are exempt from the requirements of Fed. R. Civ.

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT – 1

P.26(a) and 26(f), please notify Mr. Cogswell by email.

## PLAINTIFF'S RESPONSIBILITY

This Order is issued at the beginning of the case, and a copy is delivered by the clerk to counsel for plaintiff (or Plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or Plaintiff, if pro se) must serve copies of this Order on all parties who appear after this Order is filed. Service must occur within 10 days after each appearance. Plaintiff's counsel (or Plaintiff, if pro se), is responsible for starting the communications needed to comply with this Order.

## PROCEDURAL INFORMATION

All counsel and pro se parties must review the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, which can be found on the Court's website at www.wawd.uscourts.gov. Failure to follow the Local Rules and General Orders may result in sanctions.

## JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties must confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by May 27, 2026. This conference should be via direct and personal communication−preferably a face−to−face meeting−but it may also be held telephonically or through remote video means. The Court will use the Report to determine whether a Fed. R. Civ. P. 16 conference would be helpful and to set a schedule for completing the case promptly.

The Report must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. The parties may consent to assignment of this case under 28 U.S.C. § 636(c) and Local Magistrate Judge Rule 13 to a full−time United States Magistrate Judge to conduct all proceedings. The Magistrate Judges of this District have

significant experience handling all types of civil matters filed in our court, and the District assigns them a wide range of cases. Additional information about our District's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable Brian A. Tsuchida may conduct all proceedings in this case, including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided. Individual party responses should not be provided.

3. A proposed deadline for the joining of additional parties.

4. For class action cases only: A proposed deadline for filing a Motion for Class Certification. The parties shall propose an agreed−upon briefing schedule for the class certification motion. Non−class action cases shall simply state "N/A."

5. A discovery plan that states, by corresponding paragraph letters (A, B, C, etc.), the parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

    a.  initial disclosures;

    b.  subjects, timing, and potential phasing of discovery;

    c.  electronically stored information;

    d.  privilege issues;

    e.  proposed limitations on discovery; and

    f.  the need for any discovery related orders.

6. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, C, etc.), on all items set forth in LCR 26(f)(1), which includes the following topics:

    a. prompt case resolution;

    b. alternative dispute resolution;

    c. related cases;

    d. discovery management;

    e. anticipated discovery sought;

    f. phasing motions;

    g. preservation of discoverable information;

    h. privilege issues;

    i. Model Protocol for Discovery of ESI; and

    j. alternatives to the Model Protocol.

7. The date by which discovery can be completed.

8. Whether the case should be bifurcated, for example, by trying the liability issues before the damages issues, or bifurcated in any other way.

9. Whether the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

10. Whether the parties intend to utilize the Individualized Trial Program found in LCR 39.2 or any ADR options set forth in LCR 39.1.

11. Any other suggestions for shortening or simplifying the case.

12. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

13. Whether the trial will be jury or non−jury.

14. The number of trial days required.

15. The names, addresses, and telephone numbers of all trial counsel.

16. The dates on which the trial counsel may have conflicts or other

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS
REPORT, AND EARLY SETTLEMENT – 4

complications to be considered in setting a trial date.

17.   If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required Fed. R. Civ. P. 26(f) conference and Fed. R. Civ. P. 26(a) initial disclosures.

18.   Whether any party wishes a pretrial Fed. R. Civ. P. 16 conference with the Court before the entry of any order pursuant to Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in−person, telephonic, or video conference.

19.   List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and LCR 7.1.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. Separate reports should never be filed. If the parties want a status conference with the Court at any time while this case is pending, they should contact Grant Cogswell, Courtroom Deputy, at grant_cogswell@wawd.uscourts.gov.

## EARLY SETTLEMENT

When civil cases are settled early−before they become costly and time consuming−all parties and the Court benefit. The Federal Bar Association Alternative Dispute Resolution Task Force Report for this District has stated:

> [T]he major ADR−related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the timing of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

The judges of this district have adopted a resolution "approving the Task Force's recommendation that court−connected ADR services be provided as early, effectively,

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS
REPORT, AND EARLY SETTLEMENT – 5

and economically as possible in every suitable case." The steps required by this Order are meant to achieve that goal while preserving the rights of all parties.

If this case settles, pease notify Grant Cogswell, Courtroom Deputy, as soon as possible at grant_cogswell@wawd.uscourts.gov.

## SANCTIONS

The parties are responsible for complying with the terms of this Order. The Court may sanction any party who fails to comply fully with this Order.

Dated the 15th of April 2026.

Jamal N. Whitehead
United States District Judge