**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| WUHAN CAI SHI KE JI YOU XIAN GONG SI, a China limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>XIAOLING CHE, an individual, and JINYAN DUAN, an individual,<br><br>Defendants. | Case No. 2:26-cv-852<br><br><br><br>**MOTION FOR ALTERNATIVE SERVICE UNDER FRCP 4(f)**<br><br>NOTE ON MOTION CALENDAR:<br>June 15, 2026 |

COMPLAINT FOR
DECLARATORY RELIEF

AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS......................................................................................................... 2
TABLE OF AUTHORITIES ................................................................................................... 3
MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 5
I.       INTRODUCTION ...................................................................................................... 5
II.      PROCEDURAL HISTORY ....................................................................................... 5
III.     SUMMARY OF FACTS ............................................................................................ 5
IV.      ARGUMENT .............................................................................................................. 8
         A.      GOOD CAUSE EXISTS FOR ALTERNATIVE SERVICE BY EMAIL ........................ 8
         B.      FEDERAL RULE 4(f) ALLOWS ALTERNATIVE SERVICE OF PROCESS EVEN
                 WHEN SERVICE THROUGH THE HAGUE CONVENTION IS POSSIBLE. ............ 12
         C.      PLAINTIFFS' PROPOSED ALTERNATIVE METHODS ALL COMPORT WITH
                 DUE PROCESS. ................................................................................................ 13
V.       CONCLUSION......................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*,
2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014) ................................................................ 18

*Bank Julius & Co. Ltd. v. Wikileaks*,
2008 WL 413737, at *2 (N.D. Cal. Feb. 13, 2008) .................................................................. 18

*Birkart Globistics GmbH & Co.*,
2010 WL 423247, at *3 (E.D. Va. 2010) .................................................................................. 18

*Birmingham v. Doe*,
593 F.Supp.3d 1151 (S.D. Fla. 2022) ....................................................................................... 19

*EOI Corp. v. Medical Mktg. Ltd.*,
172 F.R.D. 133 (D.N.J. 1997) .................................................................................................... 19

*In re Intl. Telemedia Associates, Inc.*,
245 B.R. 713 (Bankr. N.D. Ga. 2000) ....................................................................................... 18

*In re Three Arrows Capital, Ltd.*,
647 B.R. 440 (Bankr. S.D.N.Y. 2022) ....................................................................................... 19

*Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*,
345 F.R.D. 623 (D. Ariz. 2024) ................................................................................................. 19

*Mullane v. Cen. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ................................................................................................................... 17

*Rio Properties, Inc.v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) ............................................................................................. passim

*Teller v. Dogge*,
No. 2:12-cv-591, 2013 WL 508326, at *6 (D. Nev. 2013) ....................................................... 19

**Statutes**

17 U.S.C. § 512(c) ............................................................................................................................. 12

**Rules & Regulations**

Fed. R. Civ. P. 4(f)(2) ...................................................................................................................... 17

Fed. R. Civ. P. 4(f)(3) .................................................................................................................. passim

Fed. R. Civ. P.4 (f)(1) ................................................................................................................. 17, 18

AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072

Plaintiff, WUHAN CAI SHI KE JI YOU XIAN GONG SI  ("DISI" or "Plaintiff"), hereby moves this Court for an order allowing alternative service of the Complaint upon the Defendants by email and/or postal mail.

The motion will be based on this notice of motion, the Declarations of Michael S. Brandt and Xiao Rui filed concurrently herewith, the attached Memorandum of Points and Authorities, the papers and records on file herein, and upon such evidence as may be heard by the Court at the time of the hearing.

DATED: May 25, 2026                    Respectfully submitted,

                                            /s/ Michael S. Brandt

MICHAEL S. BRANDT
Attorney for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendants are foreign citizens who reside in mainland China, who own U.S. patents and have utilized the U.S. courts to enforce their patents and have also defended themselves in the U.S. courts in patent infringement cases.  Defendants have deliberately structured their business to exploit U.S. markets, including through Amazon's intellectual property enforcement systems, while remaining physically located in a jurisdiction where service through traditional Hague Convention channels is slow and uncertain. Courts routinely authorize alternative service in such circumstances to prevent defendants from evading judicial process while continuing to inflict harm in the United States.

## II.    PROCEDURAL HISTORY

Plaintiff filed the Complaint in this matter on March 12, 2026, against Defendants Defendants XIAOLING CHE and JINYAN DUAN.

## III.    SUMMARY OF FACTS

A.    Defendant XIAOLING CHE is the owner of U.S. Patent No. 12,042,740 (the "'740 Patent") and the co-owner with JINYAN DUAN of U.S. Patent No. 12,048,885 (the " '885 Patent").

B.    Defendants sell puzzle board products on Amazon.com under the Amazon stores, TiCabol and YERRYO.

C.    The Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

D.    Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Defendants do business in this District. Venue is further proper under 28 U.S.C. §1381(c)(3) as Defendants do not reside in the United States.  This Court may also properly exercise personal jurisdiction over Defendants because Defendants have purposefully directed business

activities toward consumers in the United States, including Washington, through at least a fully interactive e-commerce storefront on Amazon. Defendants are engaged in interstate commerce and have wrongfully accused Plaintiff of patent infringement in the United States, including Washington.

E. A case or controversy exists between Plaintiff and Defendants because Defendants have accused Plaintiff of patent infringement and have filed infringement reports with Amazon against Plaintiff based on the '740 Patent and the '885 Patent.

F. Plaintiff is an online retailer of puzzle boards ("Plaintiff's Puzzle Boards"), whose primary retail outlet is Amazon.com.

G. On November 4, 2025, Plaintiff received a notice from Amazon stating that its products, identified by Amazon's standard identifying numbers (ASINs) as ASIN B0C49GQMJ4 and B0CRV1Q3SG, were removed due to a patent infringement complaint submitted by Defendant CHE alleging that the sale of said ASINs infringed on Patent '740. A true copy of the notice is attached to the complaint as Exhibit 1.

H. On November 4, 2025, Plaintiff received a notice from Amazon stating that its products, identified by Amazon's standard identifying numbers (ASINs), as ASIN B0CRYJLWB5, were removed due to a patent infringement complaint submitted by Defendant CHE alleging that the sale of said ASIN infringement on Patent '885. A true copy of the notice is attached to the complaint and incorporated by reference therein as Exhibit 2.

1. Defendant Che sells puzzle board products on Amazon.com under the Amazon stores, TiCabol and Defendant Duan under the Amazon store, YERRYO, actively conducting business through Amazon.com storefronts directed at U.S. consumers and have used Amazon's internal systems to submit patent infringement complaints against Plaintiff.

14. These activities demonstrate that Defendants:

    a. Regularly monitor communications relating to their Amazon operations.

    b. Rely on electronic communications to conduct business and enforce rights.

2. Plaintiff has undertaken diligent efforts to identify and locate Defendants for purposes of service, including:

a. Searches of Amazon.com storefronts associated with Defendants (TiCabol and YERRYO)

b. Searches of USPTO patent and trademark records

c. PACER searches identifying prior federal litigation involving Defendants

d. General internet and database searches for physical and business addresses

e. An extensive search on Amazon.com for TiCabol and Yerryo.

3. These searches have revealed the following:

a. Defendant Che owns numerous U.S. patents, including the '740 Patent and the '885 Patent,USD1,040,241, US11,890,551, and has litigated enforcement of her puzzle board patents in the U.S. courts; specifically Case No. 24-cv-9239 filed in the Northern District of Illinois in 2024, wherein she was represented by U.S. Counsel, Allan Justin Poplin of Overland Park, KS, email: jpoplin@avekip.com; Case No. 1:24-cv-9573, filed in the Northern District of Illinois in 2024, wherein she was represented by U.S. Counsel, Edward R. Bishop, of Schaumberg, Illinois, email: ebishop@bdl-ip.com; Case No. 1:24-cv-11511, filed in 2024 in the Eastern District of Illinois, where she was also represented by Mr. Bishop; and Ms. Che was a defendant in Case No. 1:24-cv-11980 in the Northern District of Illinois, where she was represented by Mengmeng Luo, email: Mengmeng.luo@rimonlaw.com and John Handy (PHV) email: john.handy@rimonlaw.com.  Defendants Xiaoling Chen and Jinyan Duan are currently represented in Case No. 1:25-cv-04946 in the Northern District of Illinois by Marina N. Saito of Rice Technology Group, email: marina@ricetechlaw.com.

b. Defendant Che is also the holder of the USPTO registered trademark, Ticabol, as can be seen from Exhibit B, attached hereto and incorporated by reference herein, and is represented by counsel Wei Wang, Esq;, 41 Madison Avenue, suite 2528, New York, NY, email: wei.wang@glacier.law.

c. Defendant Che is also the holder of the USPTO registered trademark, YERRO, as can be seen from Exhibit C attached hereto and incorporated by reference herein, where

she is represented by Howard M. Cohn and Associates. 50 Public Sq., Suite 2200. Cleveland OH, email: esther@cohnpatents.com

3.  These efforts confirm Defendants are located in mainland China and do not maintain any readily identifiable U.S. physical address for service of process.

4.  Plaintiff has served Notice this lawsuit and request to waive service of the summons in this case upon all the aforementioned counsel, but none of them have accepted service.

5.  Service through the Hague Convention would require transmission through China's Central Authority and typically results in delays of many months or longer.

6.  Such delay would substantially prejudice Plaintiff, which continues to suffer harm from Defendants' informal patent enforcement activities through Amazon.

7.  Moreover, Defendants have demonstrated the ability to operate and enforce rights in the United States in real time, including through Amazon's intellectual property enforcement system, while remaining outside the reach of conventional service methods.

8.  Defendants have repeatedly retained U.S. counsel in multiple patent enforcement actions, demonstrating ongoing communication with such counsel.

9.  The email addresses identified above are active and have been used in recent litigation and USPTO proceedings involving Defendants.

10. Based on this pattern, service through these email addresses and counsel is reasonably calculated to provide actual notice to Defendants.

11.  Defendants have affirmatively invoked U.S. law to enforce patent rights against U.S. sellers, including Plaintiff, while remaining beyond the reach of traditional service methods.

## IV.    **ARGUMENT**

**A.    GOOD CAUSE EXISTS FOR ALTERNATIVE SERVICE BY EMAIL**

Federal Rule of Civil Procedure 4(f) addresses service of an individual in a foreign country and provides:

(f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) **by any internationally agreed means of service that is reasonably calculated to give notice**, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) **by other means not prohibited by international agreement, as the court orders.**

Fed. Rule Civ. Pro. 4(f)(3) (**emphasis supplied**).

The Ninth Circuit has held that Rule 4(f)(3) simply requires that service be ordered by a court and that service not be prohibited by an international agreement. "No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In the same case, the Ninth Circuit

---

MOTION FOR ALTERNATIVE SERVICE         - 9 -         AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072

rejected the proposition that Rule 4(f) "create[s] a hierarchy of preferred methods of service," i.e., requiring an attempt at service by the means identified in Rule 4(f)(1) and (2) before a party can ask for alternative relief under (3). *Id.* at 1014. "No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Id.* ; *see also id.* at 1015 (stating that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'"). A district court has discretion to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id*. at 1016.

Said service under Rule 4(f)(3) can be accomplished by nontraditional means: "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* *See, e.g., id.* at 1018 (noting that "we leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case"). However, service authorized under Rule 4(f)(3) must still comport with due process. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1017.

Defendants are both presently represented by counsel in another District Court case in the Northern District of Illinois, and counsel's address and email addresses are personally known to Plaintiffs. Given this fact, and the fact that email is an instantaneous way to send documents and communicate with anyone with an email address anywhere in the world, service by email is the most efficient, cost-effective method which is most likely to give all Defendants notice and allow them an opportunity to be heard. Therefore, it is more calculated to comport with due process than archaic means of service, such as publication and first class international mail, which methods were all established before the advent of the Internet.

Under these circumstances, an order authorizing alternative service upon the Defendants—specifically, authorizing email service upon Defendants' counsel—is appropriate. Alternative service under Civil Rule 4(f)(3) requires only two components: first, it must be ordered by the court; and second, it must not be prohibited by international agreement. Any method of alternate service of process must also

---

MOTION FOR ALTERNATIVE SERVICE          - 10 -          AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072

comport with constitutional notions of due process.  To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'

Email service will effectuate these objectives, and is not prohibited by Chinese law.  While China is a signatory to the Hague Convention, it does not agree to service by mail.  However, as can be seen from the below case law, China has not expressed a disagreement to service by email.

Service under the Hague Convention would be more time-consuming, taking up to six months' time, and it is unknown if a lack or delay of governmental services would result in a delay of service or certification.  Plaintiffs respectfully request that the Court exercise its sound discretion and authorize alternative service in this matter.

Plaintiff is not required to pursue other methods of service before moving for alternative service. See Rio, 284 F.3d at 1015 ("Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant"). Service via WeChat is not proscribed by any international agreement, including the Hague Convention and China only objects to service via postal channels. Moreover, the "majority view is that, without an express objection [by a signatory to the Hague Convention] to the method [of service] proposed, the method... is permissible." *Factory Direct Wholesale, LLC v. Henglin Home Furnishings Co.*, No. 2:24-CV-07118-CAS-PDX, 2024 WL 5413653, at \*3 (C.D. Cal. Nov. 25, 2024).   The District Court in *Leo Middle E. FZE v. Zhang*, No. 21-CV-03985-CRB, 2021 WL 11593016, at \*2 (N.D. Cal. Nov. 2, 2021) allowed service by email as an appropriate means of alternative service on Chinese defendants.

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, at 103 (9th Cir. 2002)  allowed service upon the U.S. counsel even though he had not consented to accept service because, like in the case at hand, he had been specifically consulted about the lawsuit, knew of the legal positions, and was clearly in contact with the foreign based defendants, and therefore, "service on the attorney was reasonably calculated in these circumstances to apprise defendant of the pendency of the present action."

Therefore, in the interests of judicial efficiency and fair justice, Plaintiffs respectfully move for leave to serve Defendants by alternative means. In order to expedite service to avoid continuing delays to

MOTION FOR ALTERNATIVE SERVICE     - 11 -     AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072

this matter, Plaintiffs seek leave to serve Defendants by three alternate different means: (1) by e-mail; or (2) by international first class mail; and/or (3) by email and first class mail on the local counsel retained by Defendant Che. Allowing all these means of service would ensure the most-prompt service possible consistent with due process. It also avoids the delay that would result from consecutive motions if the Court rejects one or more means of alternative service.

> **B.**    **FEDERAL RULE 4(f) ALLOWS ALTERNATIVE SERVICE OF PROCESS EVEN WHEN SERVICE THROUGH THE HAGUE CONVENTION IS POSSIBLE.**

The purpose of service is to ensure that a defendant has notice of the complaint and an opportunity to defend itself. There is no hierarchy of service methods in the Federal Rules, and the Ninth Circuit has explicitly stated that court-directed service under Rule 4(f)(3) is equally favored as service available under Rule 4(f)(1) or Rule 4(f)(2).  Therefore, although Rule 4(f)(1) provides guidelines of serving a foreign defendant through the Hague Convention, that "merely one means among several which enables service of process on an international defendant." Ultimately this rule is intended to be used to "ensure the smooth function of our courts of law." Considering this policy of promoting judicial efficiency, district courts are given broad discretion in approving a variety of alternative methods that would qualify as constitutional service of process under Rule 4(f). *Mullane v. Cen. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) (holding that where notice via traditional means is found to be impracticable, service that is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" satisfies due process requirements). Fed. R. Civ. P. 4(f)(3). *Rio Properties, Inc. v. Rio Int'l Interlink*, *supra at* 284 F.3d 1007, 1014 (9th Cir. 2002).

Even if the Court were to interpret Rule 4(f)(1) as requiring that service be attempted through the terms of the Hague Convention, if the foreign nation (such as China in this case) is dilatory or refuses to cooperate, a plaintiff may request a District Court to order alternative service methods pursuant to Rule 4(f)(3). Every day that service remains pending, Plaintiffs experience greater harm from the delay. Given the ongoing delay and Defendants' awareness of the suit, a request for alternative service is appropriate.

AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072

### C.    PLAINTIFFS' PROPOSED ALTERNATIVE METHODS ALL COMPORT WITH DUE PROCESS.

To minimize delay, Plaintiffs proposes alternative service by email upon all above-referenced counsel of the defendants with a simultaneous service by first class mail which is constitutionally sound for serving process on Defendants. This method is reasonably calculated to apprise Defendants of this lawsuit, ensuring compliance with constitutional due process. The Ninth Circuit and various other district courts have approved of service by e-mail when service has been unsuccessful or untimely through other means prescribed in 4(f).  In fact, in *Rio*, the Ninth Circuit allowed the plaintiffs to pursue alternative means of service through regular mail and through email to the defendants when service through conventional means proved fruitless and the plaintiffs showed that defendants could communicate through that email address. See *Birkart Globistics GmbH & Co.,* 2010 WL 423247, at *3 (E.D. Va. 2010) (permitting alternative service following Germany's refusal to effect service under the Hague Convention). See *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, 2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014) (holding that a "multi-month delay of service under the Hague Convention supports a grant of alternative service under Rule 4(f)(3)"). See e.g., *Rio Props*., 284 F.3d at 1017–18 (finding that service through email was "method most likely to reach" defendant and it was proper when a foreign defendant evaded service through other means); *Bank Julius & Co. Ltd. v. Wikileaks,* 2008 WL 413737, at *2 (N.D. Cal. Feb. 13, 2008) (allowing service through email when the defendant could not be easily located otherwise); *In re Intl. Telemedia Associates, Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000) (approving service through email address when the "utilization of modern communication technologies to effect service" would expedite the proceedings); see also *Teller v. Dogge*, No. 2:12-cv-591, 2013 WL 508326, at *6 (D. Nev. 2013).

Here, just as in *Rio*, Plaintiffs would be able to easily serve defendant Che through their counsel's email, and postal address.

*See also Birmingham v. Doe*, 593 F.Supp.3d 1151 (S.D. Fla. 2022) (permitting service through social media when the foreign defendants conducted their business over the internet); *In re Three Arrows Capital, Ltd.,* 647 B.R. 440 (Bankr. S.D.N.Y. 2022) (allowing service via email and Twitter when

| | | |
|---|---|---|
| MOTION FOR ALTERNATIVE SERVICE | - 13 - | AMZ SELLERS ATTORNEY<br>9350 Wilshire Blvd #203, Beverly Hills CA 90212<br>Tel: (310) 867-6072 |

defendants recent use of the accounts made it likely that service would provide actual notice); *Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 345 F.R.D. 623 (D. Ariz. 2024) (discussing that service through social media is not prohibited by the Hague Convention and that service through social media accounts is a method that can reasonably apprise defendants of a lawsuit).

### V.   CONCLUSION

For all the reasons stated above, Plaintiffs respectfully request that the Court issue an Order authorizing Plaintiffs to serve the summons and complaint, the motion for TRO and Preliminary Injunction, and any other pleadings or documents filed in this case by sending true copies of such to Defendants by email and first class mail to Defendants' counsel.

DATED:  June 13, 2026                    Respectfully submitted,

AMZ SELLERS ATTORNEY
*Attorneys for Plaintiff*

By:   *s/ Michael S. Brandt*
Michael S. Brandt, WSBA #29200
9350 Wilshire Blvd, Suite 203
Beverly Hills, CA 90212
Telephone:  (310) 867-6072
Email:  michael@amazonsellers.attorney
            brandtmichaelsteven@gmail.com