**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| WUHAN CAI SHI KE JI YOU XIAN GONG SI, a China limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> XIAOLING CHE, an individual, and JINYAN DUAN, an individual, <br><br> Defendants. | Case No. 2:26-cv-852 <br><br><br> **DECLARATION OF MICHAEL S. BRANDT IN SUPPORT OF ALTERNATIVE SERVICE** |

I, MICHAEL S. BRANDT, hereby declare as follows:

1. I am the attorney of record for Plaintiff herein and make this declaration upon information and belief.

2. Defendants are foreign citizens who reside in mainland China, who own U.S. patents and have utilized the U.S. courts to enforce their patents.

3. Plaintiff filed the Complaint in this matter on March 12, 2026, against Defendants XIAOLING CHE and JINYAN DUAN, individuals residing within mainland China.

4. The Complaint in this matter alleges the following facts:

A. Defendant XIAOLING CHE is the owner of U.S. Patent No. 12,042,740 (the "'740 Patent") and the co-owner with JINYAN DUAN of U.S. Patent No. 12,048,885 (the " '885 Patent").

B.     Defendants sell puzzle board products on Amazon.com under the Amazon stores, TiCabol and YERRYO.

C.     The Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

D.     Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Defendants do business in this District. Venue is further proper under 28 U.S.C. §1381(c)(3) as Defendants do not reside in the United States. This Court may also properly exercise personal jurisdiction over Defendants because Defendants have purposefully directed business activities toward consumers in the United States, including Washington, through at least a fully interactive e-commerce storefront on Amazon. Defendants are engaged in interstate commerce and have wrongfully accused Plaintiff of patent infringement in the United States, including Washington.

E.     A case or controversy exists between Plaintiff and Defendants because Defendants have accused Plaintiff of patent infringement and have filed infringement reports with Amazon against Plaintiff based on the '740 Patent and the '885 Patent.

F.     Plaintiff is an online retailer of puzzle boards ("Plaintiff's Puzzle Boards"), whose primary retail outlet is Amazon.com.

G.     On November 4, 2025, Plaintiff received a notice from Amazon stating that its products, identified by Amazon's standard identifying numbers (ASINs) as ASIN B0C49GQMJ4 and B0CRV1Q3SG, were removed due to a patent infringement complaint submitted by Defendant CHE alleging that the sale of said ASINs infringed on Patent '740. A true copy of the notice is attached to the complaint as Exhibit 1.

H.     On November 4, 2025, Plaintiff received a notice from Amazon stating that its products, identified by Amazon's standard identifying numbers (ASINs), as ASIN B0CRYJLWB5, were removed due to a patent infringement complaint submitted by Defendant CHE alleging that the sale of said ASIN infringement on Patent '885. A true copy of the notice is attached to the complaint and incorporated by reference therein as Exhibit 2.

DECLARATION OF MICHAEL BRANDT IN SUPPORT OF
MOTION FOR ALTERNATIVE SERVICE                - 2 -                AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072

5. Defendant Che sells puzzle board products on Amazon.com under the Amazon stores, TiCabol and Defendant Duan under the Amazon store, YERRYO, actively conducting business through Amazon.com storefronts directed at U.S. consumers and have used Amazon's internal systems to submit patent infringement complaints against Plaintiff.

14. These activities demonstrate that Defendants:

    a. Regularly monitor communications relating to their Amazon operations.

    b. Rely on electronic communications to conduct business and enforce rights.

6. Plaintiff has undertaken diligent efforts to identify and locate Defendants for purposes of service, including:

    a. Searches of Amazon.com storefronts associated with Defendants (TiCabol and YERRYO)

    b. Searches of USPTO patent and trademark records

    c. PACER searches identifying prior federal litigation involving Defendants

    d. General internet and database searches for physical and business addresses

    e. An extensive search on Amazon.com for TiCabol and Yerryo.

7. These searches have revealed the following:

    a. Defendant Che owns numerous U.S. patents, including the '740 Patent and the '885 Patent, USD1,040,241, US11,890,551, and has litigated enforcement of her puzzle board patents in the U.S. courts; specifically Case No. 24-cv-9239 filed in the Northern District of Illinois in 2024, wherein she was represented by U.S. Counsel, Allan Justin Poplin of Overland Park, KS, email: jpoplin@avekip.com; Case No. 1:24-cv-9573, filed in the Northern District of Illinois in 2024, wherein she was represented by U.S. Counsel, Edward R. Bishop, of Schaumberg, Illinois, email: ebishop@bdl-ip.com; Case No. 1:24-cv-11511, filed in 2024 in the Eastern District of Illinois, where she was also represented by Mr. Bishop; and Ms. Che was a defendant in Case No. 1:24-cv-11980 in the Northern District of Illinois, where she was represented by Mengmeng Luo, email: Mengmeng.luo@rimonlaw.com and John Handy (PHV) email:

DECLARATION OF MICHAEL BRANDT IN SUPPORT OF
MOTION FOR ALTERNATIVE SERVICE      - 3 -      AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072

john.handy@rimonlaw.com.  Defendants Xiaoling Chen and Jinyan Duan are currently represented in Case No. 1:25-cv-04946 in the Northern District of Illinois by Marina N. Saito of Rice Technology Group, email: marina@ricetechlaw.com.

b.   Defendant Che is also the holder of the USPTO registered trademark, Ticabol, as can be seen from Exhibit 3, attached hereto and incorporated by reference herein, and is represented by counsel Wei Wang, Esq;, 41 Madison Avenue, suite 2528, New York, NY, email: wei.wang@glacier.law.

c.   Defendant Che is also the holder of the USPTO registered trademark, YERRO, as can be seen from Exhibit 4 attached hereto and incorporated by reference herein, where she is represented by Howard M. Cohn and Associates. 50 Public Sq., Suite 2200. Cleveland OH, email: esther@cohnpatents.com.

3.   These efforts confirm Defendants are located in mainland China and do not maintain any readily identifiable U.S. physical address for service of process.

4.   Plaintiff has served Notice this lawsuit and request to waive service of the summons in this case upon all the aforementioned counsel, but none of them have accepted service.  We have received responses from two counsel, which are attached collectively hereto as Exhibit 5 (5A and 5B).

5.   Service through the Hague Convention would require transmission through China's Central Authority and typically results in delays of many months or longer.

6.   Such delay would substantially prejudice Plaintiff, which continues to suffer harm from Defendants' informal patent enforcement activities through Amazon.

7.   Moreover, Defendants have demonstrated the ability to operate and enforce rights in the United States in real time, including through Amazon's intellectual property enforcement system, while remaining outside the reach of conventional service methods.

8.   Defendants have repeatedly retained U.S. counsel in multiple patent enforcement actions, demonstrating ongoing communication with such counsel.

9.   The email addresses identified above are active and have been used in recent litigation and USPTO proceedings involving Defendants.

DECLARATION OF MICHAEL BRANDT IN SUPPORT OF
MOTION FOR ALTERNATIVE SERVICE          - 4 -                      AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072

10. In response to our inquiries of all counsel by email whether they would accept service for their clients, only Howard Cohn & Associates and Marina Saito of Rice Technology Group answered, indicating they did not have authority to accept service on behalf of the defendants.

11. Based on this pattern, service through these email addresses and counsel is reasonably calculated to provide actual notice to Defendants.

12. Defendants have affirmatively invoked U.S. law to enforce patent rights against U.S. sellers, including Plaintiff, while remaining beyond the reach of traditional service methods.

13. Alternative service is necessary to prevent Defendants from using their foreign status as both a sword and a shield.

I declare under penalty of perjury under the laws of the United States of America that all the foregoing is true and correct.

DATED:  June 13, 2026

By:  ___s/ Michael S. Brandt_____
　　　Michael S. Brandt, WSBA #29200
　　　9350 Wilshire Blvd, Suite 203
　　　Beverly Hills, CA 90212
　　　Telephone:  (310) 867-6072
　　　Email:  michael@amazonsellers.attorney
　　　　　　　brandtmichaelsteven@gmail.com

DECLARATION OF MICHAEL BRANDT IN SUPPORT OF
MOTION FOR ALTERNATIVE SERVICE              - 5 -              AMZ SELLERS ATTORNEY
9350 Wilshire Blvd #203, Beverly Hills CA 90212
Tel: (310) 867-6072